**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| **DAVID HUPPERT**<br>2300 Kansas Avenue<br>Silver Spring, MD 20910<br>           **Plaintiff**<br>     v.<br>**SETO HOLDINGS, INC.**<br>7476 New Ridge Road, Suite H<br>Hanover, MD 21076<br><br>           **Defendant**<br><br><u>Serve</u> **- defendant's Nevada registered agent**<br>   **(Defendant is a Nevada corporation)**<br>**TRAC- The Registered Agent Company**<br>**321 W Winnie Lane, Ste 104**<br>**Carson City, NV, 89703** | **Civil No.** |

**COMPLAINT
(To Enforce the Secretary of Labor's Final Order
Awarding Plaintiff Relief Under the "Whistleblower"
<u>Provisions of the Sarbanes-Oxley Act of 2002</u>)**

This is an action under Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002 (part of the Sarbanes-Oxley Act) to enforce a final order of the United States Secretary of Labor awarding monetary and non-monetary "whistleblower" relief to plaintiff David Huppert.

**<u>JURISDICTION AND VENUE</u>**

1. This action arises under Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, which is Title VIII of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A (SOX). Section 1514A confers whistleblower protections for employees of publicly traded companies who provide information regarding possible securities law violations to members of Congress, to federal regulatory law enforcement agencies or to supervisors within an employee's workplace.

2. Section 1514A also delegates to the Secretary of Labor the authority to enforce SOX whistleblower protections.  When a person fails to comply with the Secretary's final order granting whistleblower remedies, an employee on whose behalf the order was issued may bring a civil action to enforce that order in the appropriate U.S. District Court without regard to the amount in controversy. *See* 18 U.S.C. §1514A (b)(2) (incorporating the procedural framework of 49 U.S.C. §42121(b))  and 29 C.F.R. §1980.113.

3. Venue is proper in the District of Maryland because plaintiff David Huppert (Mr. Huppert) is a resident of Maryland and defendant SETO Holdings, Inc. (SETO) is a corporation organized under Nevada law with its principal place of business at 7476 New Ridge Road, Suite H, Hanover, Maryland 21076.

## SOX WHISTLEBLOWER RETALIATION

4.  At all times pertinent to this complaint, defendant SETO was a publicly traded corporation organized under Nevada law and headquartered in Hanover, Maryland. SETO has a class of securities registered under Section 12 of the Securites Exchange Act of 1934 (15 U.S.C. §78l) and is required to file reports under Section l5(d) of the Securities Exchange Act of 1934 (15 U.S.C. §78o(d)).  Through a group of affiliates, SETO  provides audiology services.

5. Plaintiff David Huppert ("Mr. Huppert") is a certified public accountant.

6. From approximately November 2013 to  June 2016, Mr. Huppert served as the "in-house" accountant for SETO. During that three year period,  Mr. Huppert provided a wide range of non-audit services for SETO and for SETO's controlling principal, Sanjay K. Srivastava in his individual capacity.  Those non-audit services included supervision of the SETO's bookkeepers, preparation of SETO's financial statements and acting as SETO's designated corporate representative in lawsuits. When performing services for SETO, Mr. Huppert reported directly to Mr. Srivastava, who was Mr. Huppert's only supervisor.

7. SETO terminated Mr. Huppert on June 20, 2016 for refusing to perform and certify an external audit on SETO's financial statements.

8. Later that month, Mr. Huppert filed a whistleblower complaint with the United States Department of Labor (DOL) under the employee protection provisions of Section 806 of SOX, 18 U.S.C. § 1514A. SOX delegates investigatory and adjudicatory functions for SOX whistleblower complaints to the Secretary of Labor. DOL's Occupational Safety & Health Administration (OSHA) conducts the line-level investigation of SOX whisteblower complaints. DOL's Office of Administrative Law Judges adjudicates complaints for which OSHA finds reasonable cause to believe an employer retaliated against an employee for engaging in SOX protected whistleblower activity.

9. The gist of Mr. Huppert's complaint was that SETO (through Mr. Srivastava) demanded that Mr. Huppert perform and certify an external audit for SETO in violation of the SEC's auditor independence rules. Those rules protect the objectivity of outside auditors examining the financial records of publicly traded companies. Their goal is to ensure that personnel who, for example, keep the company's books or prepare its accounting records or financial statements are not also responsible for auditing and certifying the accuracy of the same books and records.

10. After an investigation, OSHA's Acting Regional Administrator for the Philadelphia Regional Office found that there was reasonable cause to believe SETO violated SOX by terminating Mr. Huppert in retaliation for SOX protected whistleblower activity. A copy of the OSHA findings letter, issued September 4, 2019, is Exhibit A to this complaint.

11. The findings letter awarded Mr. Huppert the following monetary relief:

- payment of back wages of $11,330.00, plus interest on the back wages in accordance with 26 U.S.C. §6621;

- payment of compensatory damages for pain and suffering, including mental/emotional distress in the amount of $10,000.00;

- payment of reasonable attorney fees of $6,544.00, incurred in connection with filing a SOX complaint with the Department of Labor..

12. The determination letter also directed SETO to expunge Mr. Huppert's employment records of any references to the exercise of his SOX rights and not to make any disparaging comments or remarks about Mr. Huppert to prospective employers or in response to employment inquiries. Finally, the determination letter required SETO to make certain reforms to its employment practices and to train its managers about SOX rights and protections.

13. SETO fully participated in the OSHA investigation.  The determination letter recounts Mr. Srivastava extensive testimony in SETO's defense and explains why that testimony was not credited in OSHA's fact findings.

14. SETO did not file objections to the OSHA determination letter or request a hearing before an Administrative Law Judge. The OSHA determination letter included a full explanation of SETO's right to file objections and its right to request a hearing before an Administrative Law Judge. Because SETO elected not to exercise those rights, the OSHA determination letter became a Final Order of the Secretary of Labor. *See* cover letter to the DOL findings.

15. SETO has not, to date, paid Mr. Huppert the monetary compensation required by the Secretary of Labor's findings. On information and belief, SETO has not complied with the Secretary's non-monetary directives.

16. Under 18 U.S.C. § 1514(c)(2)(C), Mr. Huppert is also entitled to reasonable attorney fees for bringing this District Court enforcement action

WHEREFORE, plaintiff David Huppert urges the Court to enter a money judgment in his favor and against defendant SETO Holdings, Inc. as follows:

A. For payment of back wages of $11,330.00, plus interest on the back wages from October 3, 2019 in accordance with 26 U.S.C. §6621;

B. For payment of compensatory damages in the amount of $10,000.00, plus interest from October 3, 2019 at the Maryland statutory rate;

C. For payment of attorney fees of $6,544.00, incurred in connection with the filing a SOX complaint with the Department of Labor;

D. For payment of additional attorney fees, in an amount to be determined, incurred in bringing this civil action.

Plaintiff Huppert also urges the Court to enter a mandatory judgment directing defendant SETO Holdings, Inc. to comply fully with all the non-monetary directives in the Secretary of Labor's findings letter.

Respectfully submitted,

/s/

---

Marvin L. Szymkowicz
  (District Court Bar No. 02761)
Savit & Szymkowicz, LLP
4520 East-West Highway - Suite 700
Bethesda, Maryland 20814

Tel: (301) 951-9191
Fax: (301) 718-7788
Email: MLS@savitlaw.com

Counsel for plaintiff David Huppert